UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **BENNIE LEN BULLOCK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   No. 2:18 CV 216 |
| | ) |
| **KELLY CONSTRUCTION OF INDIANA,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION and ORDER

This matter is before the court on defendant's motion for summary judgment. (DE # 64.) For the reasons that follow, defendant's motion will be denied.

## I.   BACKGROUND

Plaintiff Bennie Bullock is African American and works as a general laborer. (DE # 77-1 at 1.) On September 15, 2017, he accepted an assignment through a staffing agency to work as a general laborer for defendant Kelly Construction of Indiana. (*Id.*, DE # 77-2 at 6.) Three other Caucasian laborers started working at the jobsite on the same day with him. (DE # 77-1 at 1.) He was the only Black person on the jobsite. (*Id.*) He was told that the assignment would last approximately three months. (DE # 77-1 at 2.) Plaintiff and the three White laborers were assigned to pour and smooth out concrete, build and remove concrete forms, and rake and shovel dirt. (*Id.*)

On September 29, 2017, plaintiff sustained an injury on the job. (*Id.*) Before he left work for the day, he asked his supervisor and the foreman if he was going to be fired because he was injured. (*Id.*) Both of them told him he would not be fired. (*Id.*) Before he

left, his supervisor never informed him that his job assignment would be ending soon. (*Id.*) However, on his way home that evening, plaintiff received a phone call from a project manager at the staffing agency who informed plaintiff that the job assignment was over, effective immediately, for all four of the temporary workers. (*Id.*) Skeptical that all of the workers were being let go, plaintiff returned to the jobsite the following Monday and observed two of the three White laborers still working. (*Id.* at 3.) One of the other White laborers had not returned to work after lunch earlier that day, and was let go. (DE # 77-2 at 5; DE # 64-2 at 2.) The two remaining White laborers continued to work for another week at the jobsite. (DE # 77-2 at 5, 13.) On October 5, 2017, defendant let the staffing agency know that none of the temporary workers were needed any longer. (DE # 64-2 at 2.)

    Defendant contends that plaintiff was released early from the work assignment because the construction project was nearing completion and a reduction in force was necessary. (DE # 65 at 4; DE # 64-2 at 2.) Defendant contends that plaintiff was released earlier than the other temporary laborers because he was less skilled than the other three laborers and his work was sub-standard. (DE # 64-2 at 2.) Defendant also contends that because plaintiff's work was sub-standard, defendant had to assign another laborer to work alongside plaintiff and supervise him. (*Id.*)

    Plaintiff claims that his supervisor never told him that his job performance was unsatisfactory or that his skill set was below the skill set of his White counterparts, and his supervisor never coached or corrected his work performance. (DE # 77-1 at 2.)

2

Plaintiff claims that his supervisor never told him that he had assigned another laborer to supervise him. (*Id.*) Plaintiff claims that he frequently worked alone. (*Id.*)

As a result of this incident, plaintiff brought the present lawsuit, alleging race discrimination under 42 U.S.C. § 1981. (DE # 45 at 6.) Defendant now moves for summary judgment. (DE # 64.) This matter is fully briefed and is now ripe for ruling.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In responding to a motion for summary judgment, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Palmer v. Marion County*, 327 F.3d 588, 595 (7th Cir. 2003). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson*, 477 U.S. at 248; *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249-50; *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995).

### III.     ANALYSIS

Defendant has moved for summary judgment on plaintiff's claim brought under § 1981. In response, plaintiff argues that there are genuine issues of material fact on its claims under both § 1981 and Title VII. However, plaintiff's second amended complaint did not identify a Title VII claim against defendant. (*See* DE # 45 at 5-6.) Neither party addresses this issue. However, the court may set aside this matter for now, as the legal analysis for discrimination claims under Title VII and § 1981 is identical. *See Smith v. Chicago Transit Auth.*, 806 F.3d 900, 904 (7th Cir. 2015).

Defendant argues that it is entitled to summary judgment because plaintiff cannot point to any evidence – under the "direct" or "indirect" methods of proof – that establishes that he was discriminated against on the basis of his race. (DE # 65 at 5.) This is not the correct standard in a discrimination case. *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). Rather, at the summary judgment phase, the court must determine whether the evidence would permit a reasonable factfinder to conclude that

4

the plaintiff's race (or other proscribed factor) caused an adverse employment action. *Id.*; *David v. Bd. of Trustees of Cmty. Coll. Dist. No. 508*, 846 F.3d 216, 224 (7th Cir. 2017).

The burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), may assist a plaintiff in convincing a court that the evidence permits such a conclusion. *David*, 846 F.3d at 224. This framework may be useful as "a means of organizing, presenting, and assessing circumstantial evidence in frequently recurring factual patterns found in discrimination cases." *Id.* However, the *McDonnell Douglas* analysis is "not the only way to assess circumstantial evidence of discrimination." *Id.* The court must ultimately be guided by the test articulated in *Oritz*, and must determine whether "the non-moving party produced sufficient evidence to support a jury verdict of intentional discrimination[.]" *Id; see also Abrego v. Wilkie*, 907 F.3d 1004, 1012 (7th Cir. 2018).

In this case, both parties have organized their arguments based on the *McDonnell Douglas* framework, and therefore the court will begin assessing the evidence utilizing that construct. The court will first consider whether plaintiff has established a prima facie case of discrimination and will then cumulatively consider all of the evidence presented by plaintiff, to determine whether the evidence would permit a reasonable factfinder to determine that plaintiff was released from his assignment at defendant's jobsite a week earlier than the other temporary employees because of his race. *See e.g. David*, 846 F.3d 224.

5

To establish a prima facie case under *McDonnell Douglas*, plaintiff must demonstrate that: (1) is he a member of a protected class; (2) he was qualified for his position and performed reasonably on the job in accordance with his employer's legitimate expectations; (3) he was subject to an adverse employment action despite his reasonable performance; and (4) similarly situated employees who were not members of his protected class were treated more favorably. *Oliver v. Joint Logistics Managers, Inc.*, 893 F.3d 408, 412 (7th Cir. 2018); *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 894–95 (7th Cir. 2018). "An employee is similarly situated to a plaintiff if the two employees deal with the same supervisor, are subject to the same standards, and have engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." *Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 540 (7th Cir. 2007).

If there is sufficient evidence from which a jury could find a prima facie case of discrimination, the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for releasing plaintiff from the jobsite earlier than the other temporary workers. *See Barnes v. Bd. of Trustees of Univ. of Illinois*, 946 F.3d 384, 389 (7th Cir. 2020). If defendant produces such a reason, the burden shifts back to plaintiff, to produce evidence that defendant's proffered reason was pretextual. *See id.* "Because the prima facie and pretext inquiry often overlap, if a defendant offers a nondiscriminatory reason for its actions, we can proceed directly to the pretext inquiry." *Id.*

6

For the purposes of its motion for summary judgment, defendant only disputes the second and fourth elements of the prima facie test: that plaintiff was qualified for the job and was meeting his employer's legitimate expectations; and that similarly situated employees who were not part of his protected class were treated more favorably. (DE # 65 at 9.) According to defendant, the uncontroverted evidence demonstrates that the only reason why plaintiff was released from the job assignment was because the temporary job was ending and he was no longer needed. (*Id.* at 5.) Defendant argues that plaintiff was released a week earlier than the other temporary employees because he was less skilled and required additional supervision. (*Id.* at 9.)

After a thorough review of the parties' arguments and the record, the court concludes that the evidence, viewed in a light most favorable to plaintiff, reveals genuine issues of material fact. The parties genuinely dispute whether plaintiff was meeting defendant's legitimate expectations, and whether he was less skilled than the three White temporary employees. The parties also genuinely dispute whether plaintiff was released on account of his race or on account of his allegedly subpar performance. In fact, the parties genuinely dispute whether plaintiff was released early from his work assignment at all. Plaintiff has produced sufficient evidence that would permit a reasonable factfinder to conclude that plaintiff's race was the reason he was discharged from his job assignment earlier than the other temporary employees. *See Abrego*, 907 F.3d at 1013 ("'All things being equal, if an employer takes an action against one employee in a protected class but not another outside that class, one can infer

discrimination.'" (quoting *Filar v. Bd. of Educ. of City of Chi.*, 526 F.3d 1054, 1061 (7th Cir. 2008))). In light of these disputes, the court must deny defendant's motion for summary judgment.

IV.     **CONCLUSION**

For these reasons, the court **DENIES** defendant Kelly Construction of Indiana's motion for summary judgment. (DE # 64.) The court **ORDERS** the parties to file a joint status report regarding their willingness to engage in a settlement conference before a Magistrate Judge by **February 26, 2021**. A trial date will be set under a separate order.

**SO ORDERED.**

Date: February 12, 2021

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT